UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| NANCY A. BAIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 3:17CV629-PPS |
| | ) | |
| NANCY BERRYHILL, Acting Commissioner | ) | |
| of the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Nancy A. Bair was born in the Philippines, came to the United States in 1985 and later became a U.S. citizen. [AR at 40-41.]¹ Bair worked as a machine operator for American Rubber for 20 years until she quit on January 9, 2014 at age 53. [DE 9 at 42; DE 11 at 3.] Before she quit, Bair applied for disability benefits alleging that she became disabled as of January 1, 2014. After a hearing, an administrative law judge issued a decision finding that Bair retains the residual functional capacity to perform a full range of work at all exertional levels but with certain non-exertional limitations accommodating Bair's severe impairments of hearing loss, arthritis in her right hand, and tendonitis in her right shoulder. [AR at 15, 16.] Bair appeals the denial of benefits.

Bair asks me to reverse the ALJ's decision and remand for further proceedings by the Social Security Administration. My review of the ALJ's decision is deferential. I

---

¹ The administrative record [AR] is found in the court record at docket entry 9, and consists of 361 pages. I will cite to the pages of this AR according to the Social Security Administration's Bates stamp numbers rather than the court's Electronic Case Filing page number.

must affirm it if it is supported by substantial evidence, meaning "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011) (citation omitted). I can't reweigh the evidence or substitute my judgment for that of the ALJ. *Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015). But these standards do not mean that I "will simply rubber-stamp the Commissioner's decision without a critical review of the evidence." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000).

When considering the evidence, "an ALJ is not required to provide a complete and written evaluation of every piece of testimony and evidence, but 'must build a logical bridge from the evidence to his conclusion.'" *Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015), quoting *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005). This means that an ALJ's decision must offer an explanation of the rationale from the evidence to his or her conclusions "sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the claimant] meaningful judicial review." *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014).

## Discussion

Bair raises two issues in this appeal. First, she contends that the ALJ failed to give appropriate weight to the medical opinions of Dr. Caroline Bjonback, Bair's treating physician. Bair's other argument for reversal is that the ALJ's determination about Bair's credibility is not supported by substantial evidence. [DE 11 at 15.] I will take up each issue in turn.

2

### Treating Physician Bjonback

The opinion from Dr. Bjonback is contained in a "Medical Source Statement of Ability to Do Work-Related Activities" that Dr. Bjonback completed on October 7, 2015. [AR 309-314.] The document is essentially a checklist of the things that Bair can and cannot do. There are places in the Statement for the doctor to provide additional information in the form of a narrative, and Dr. Bjonback helpfully did so on a couple of occasions. The Statement reflects that Bair's standing, walking and sitting are not affected by her impairments. [AR at 311.] In the check-the-box portions of the Statement, Dr. Bjonback indicates that Bair is unable to lift more than 10 pounds and is limited in pushing and pulling with her upper extremities, but she leaves blank the section asking for "medical/clinical finding(s)" that support these conclusions. [AR at 311-313.] Dr. Bjonback checks boxes indicating that Bair's reaching, handling and fingering are limited, but includes these explanatory comments:

> Exam is inconclusive. Does not hold against resistance possibly due to pain. No swelling or localized tenderness. Shoulder is painful at extremes of abduction and flexion, but no abnormality on exam. X-rays ordered to check for underlying arthritis.

[AR at 313.] On the next page, her remarks continue:

> Has not had this condition treated, so it is unknown if it is reversible. I am going to refer her to ortho for treatment. May need therapy. Should not do jobs with repetitive work.

[AR at 314.]

Treating this Statement as Dr. Bjornback's medical opinion about Bair's functional limitations, the ALJ gave the opinion "little weight," citing Dr. Bjornback's

3

treatment notes of the same date. [AR at 20.] More specifically, the ALJ first said the opinion "reflects the subjective reports of the claimant rather than objective findings." [*Id*.] This appears to be borne out by the treatment notes of October 7, 2015, in which the doctor reflects Bair's complaints that she cannot lift her 18 month old grandchild, lift a gallon of milk, or reach above her head. [AR at 354.] But Dr. Bjornback reports that on examining Bair:

> I could not find any abnormality of her hand or wrist. She could not hold any of the joints against resistance, but I'm not sure if she could understand my directions[2] and would have wanted her to do. Shoulder found pain at the extremes of passive range of motion of abduction and flexion. I could not find any abnormalities on palpation.

[AR at 355.] This supports the ALJ's statement about the lack of objective findings.

The ALJ's next reason for discounting Dr. Bjonback's opinion is the doctor's note in the Statement itself that her exam of Bair was "inconclusive" concerning her manipulative limitations. [AR at 20.] This is also reflected in the treatment notes of the same date, quoted above, reporting a finding of no abnormalities in Bair's hand, wrist or shoulder. [AR at 355.] The Statement's observation that Bair's condition had not been treated and might be reversible is also supported by that day's treatment notes: "She needs to be referred for treatment as she's never had any treatment for this." [AR at 355.] The ALJ further pointed out that Dr. Bjornback's office notes include that she "would not recommend [Bair] be employed at a job where there is repetitive work, but that does not mean that she is totally disabled." [AR at 20, 355.] These features of the

---

[2] Born in the Philippines, Bair's native language appears not to have been English.

4

treatment notes justifiably diminish the weight of Dr. Bjornback's Statement as to Bair's limitations.

Because Dr. Bjonback is a treating physician, "her opinion on the nature and severity of [Bair's] medical condition is entitled to controlling weight if it is well supported by medical findings and consistent with other record evidence." *Lambert v. Berryhill*, 896 F.3d 768, 774 (7th Cir. 2018), citing 20 C.F.R. §404.1520c(a) (2017). If the ALJ rejects a treating physician's opinion, she must give "good reasons" for assigning it lesser weight. *Brown v. Colvin*, 845 F.3d 247, 252 (7th Cir. 2016); *Schaaf v. Astrue*, 602 F.3d 689, 875 (7th Cir. 2010). While an ALJ must consider regulatory factors relevant to the examining and treatment relationship with the doctor, the ALJ is not required to expressly discuss each factor so long as a satisfactory explanation is offered for the weight given to the medical opinion. *Vavercan v. Colvin*, 2:14CV74-PRC, 2015 WL 5713956 at *7 (N.D.Ind. Sept. 29, 2015). In this case the ALJ explained a number of good reasons to give little weight to Dr. Bjornback's opinions as to Bair's limitations, focusing on the inconsistency of the opinions with the doctor's own treatment record and her qualification of the Statement by her own comments. I find no reversible error in the ALJ's analysis of Dr. Bjornback's opinions.

**Credibility Determination**

The second issue concerns the ALJ's determination about Bair's credibility. When the ALJ finds a claimant's statements about her impairments to be less than credible, his explanation should be "logically based on specific findings and evidence," but the credibility conclusion can be overturned only if it "lacks explanation or

5

support." *Cullinan v. Berryhill*, 878 F.3d 598, 603 (7th Cir. 2017). Bair's general argument can be distilled down to several specifics.

First, Bair challenges the ALJ's conclusion that Bair's "hearing testimony and subjective complaints are clearly excessive when compared to her treatment notes." [AR at 19.] The discussion of Dr. Bjornback's opinions above demonstrates the lack of medical findings supporting Bair's complaints about her hand and shoulder. As to her hearing, the ALJ recognized hearing loss as a severe impairment but also made specific note of the medical record showing that Bair has hearing aids for which adjustments are made as necessary, that her hearing impairment is stable and that Dr. Bjonback found Bair's speech and hearing to be "grossly normal." [AR at 17, 271, 350.] Bair demonstrates no error by the ALJ on this point.

Next, Bair argues that her consistent work history should have weighed in favor of her credibility, but that instead the ALJ focused on Bair's failure to "seek another job with less repetitive movements or lower exertional demands." [DE 11 at 16; AR at 19.] This argument does not support a remand for further consideration. The context of the challenged statement by the ALJ included the observations that Bair had filed for disability before quitting her job, and despite later claiming that the pain in her hands made her work impossible, she did not initially claim that condition in her disability application and did not seek medical treatment for it until five months after quitting. [AR at 18, 19.] This reasoning is appropriate to the ALJ's credibility analysis. In addition, a good work history is a factor supporting credibility, but it is "one factor among many, and it is not dispositive." *Loveless v. Colvin*, 810 F.3d 502, 508 (7th Cir.

6

2016). And an ALJ does "not commit reversible error by failing to explicitly discuss [a claimant's] work history when evaluating her credibility." *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017).

Lastly, Bair criticizes the ALJ's comment that "there is no evidence that the claimant attempted to seek treatment from any free or sliding fee scale clinic or has been turned away at either the hospital or a physician office because of her inability to pay." [DE 11 at 16; AR at 19.] Bair now cites her hearing testimony that lack of insurance explained gaps in her treatment by Dr. Bjonback. [DE 11 at 16; AR at 44.] But the ALJ also acknowledged and considered that testimony as well, which on its face was limited to treatment by Dr. Bjonback, not other providers, and did not fully address Bair's failure to seek any treatment for her allegedly disabling condition while still employed or for five months after she alleges it required her to quit her job. [AR at 19.] "[F]ailure to consider a claimant's reasons for not seeking treatment is erroneous," but here the ALJ considered the reasons proffered but found them insufficient. *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016).

Bair does not identify a reversible error in the ALJ's broad range of considerations in evaluating the seriousness of Bair's symptoms. An ALJ's credibility finding is given "special deference" and is overturned only if it is "patently wrong." *Eichstadt v. Astrue,* 534 F.3d 663, 667-68 (7th Cir. 2008). Bair's challenges to the ALJ's determination that her impairments were not as intense and limiting as she claimed fall far short of a showing that the ALJ's conclusion was patently wrong.

7

## Conclusion

My role is not to determine from scratch whether or not Bair is disabled and entitled to benefits. Instead, my review of the ALJ's findings is deferential, to determine whether the ALJ applied the correct legal standards and whether the decision is supported by substantial evidence. *Shideler v. Astrue*, 688 F.3d at 310; *Castile v. Astrue*, 617 F.3d 923, 926 (7th Cir. 2010); *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). After that, I "must affirm the ALJ's decision even if reasonable minds could differ about the ultimate disability finding." *Brown v. Colvin*, 845 F.3d 247, 251 (7th Cir. 2016). Because substantial evidence supports the Commissioner's findings, they are conclusive. 42 U.S.C. §405(g). For the reasons I've explained, Bair has not demonstrated that the ALJ failed to build a logical bridge from the evidence to his conclusion that Bair does not qualify for disability, or otherwise committed reversible error. The Commissioner's final decision must be affirmed.

**ACCORDINGLY:**

The final decision of the Commissioner of Social Security denying plaintiff Nancy A. Bair's application for Social Security Disability benefits is AFFIRMED. The Clerk shall enter judgment in favor of defendant and against plaintiff.

**SO ORDERED**. ENTERED:

September 14, 2018.

      /s/ Philip P. Simon  
**PHILIP P. SIMON, JUDGE**